AMHERST AND BELCHERTOWN RAILROAD COMPANY *vs.* OLIVER
WATSON.

A plaintiff cannot be nonsuited under *St.* 1852, *c.* 312, §§ 61–72, for insufficiency of answers, which substantially meet all the interrogatories of the adverse party, unless he has refused to comply with an order of the court pointing out the insufficiencies, and directing further answers.

A party to an action may make one answer to several interrogatories of the adverse party, to each of which it is responsive, notwithstanding the provision of *St.* 1852, *c.* 312, § 67, that "each interrogatory shall be answered separately and fully."

One party cannot, as of right, and without a specific order of court, require the other to produce all his books and papers in answer to interrogatories under *St.* 1852, *c.* 312, §§ 61–72.

ACTION OF CONTRACT by a railroad corporation on the Rev.
Sts. *c.* 39, § 53, to recover a deficiency of assessments, after
selling the defendant's shares for payment of the same. A
demurrer filed by the defendant was overruled, and the case
remitted to the court of common pleas. 4 Gray, 61. The defendant then answered, denying the validity of the assessment,
and the regularity of the plaintiffs' proceedings, in various particulars which he pointed out.

He also filed interrogatories, under *St.* 1852, *c.* 312, §§ 61–72,
to Edward Dickinson, one of the plaintiffs' directors, and to
John S. Adams, their treasurer and clerk.

Dickinson answered some of the interrogatories to him, and
declined to answer others, on the ground that they related to
matters not in issue upon the pleadings. The court then passed
a general order that he should make further answers; and he
accordingly made additional answers upon the several matters
inquired of, (a particular statement of which is not necessary to
the understanding of the questions of law decided,) in some
instances, however, making a single answer to several interrogatories upon one subject.

Adams declined to comply with a request, contained in one
of the interrogatories to him, to file with the clerk of the court
the records, documents and papers in his possession, belonging
to the plaintiffs, and inquired for by the defendant; or otherwise
to exhibit them to the defendant's inspection, except by order
and under direction of the court.

The defendant moved for a nonsuit, for the failure of the plaintiffs' officers fully to answer the interrogatories. Upon the hearing on this motion, the plaintiffs' counsel stated that said director would, if desired by the defendant's counsel, add to his answers an affidavit that they contained all that he knew upon the matters inquired of; and that the treasurer was willing to exhibit to the defendant's counsel, at any time, at the office of the corporation, their books and papers, and to give all the information in his power in relation thereto. But the defendant insisted on his motion for a nonsuit, and *Morris,* J. granted it. The plaintiffs alleged exceptions.

*E. Dickinson,* for the plaintiffs.

*S. T. Spaulding,* for the defendant, compared the interrogatories and answers, and argued that the plaintiffs were rightly nonsuited,

1st. Because Dickinson had not answered the interrogatories to him, as he was bound to do by *St.* 1852, *c.* 312, §§ 61, 63, 66, 67, 72; and especially had not answered " each interrogatory separately and fully," as required by § 67.

2d. Because Adams had refused to file the records and documents asked for by the interrogatories, as he should have done, under §§ 61, 68.

THOMAS, J. There was, in our judgment, no sufficient ground for the nonsuit of the plaintiff.

1. The amended answers of Mr. Dickinson, one of the plaintiffs' directors, indicate to us no purpose on his part of avoiding his duty. They are substantial answers to all the interrogatories put. If the defendant objected to any of the answers as not full and clear, he should have filed his motion, setting forth his objections to the answers, and praying that they should be made more full and clear. Upon the consideration of such motion and inspection of the answers, the presiding judge must determine and direct which of the interrogatories require further and fuller answers. And for the refusal or neglect of the party to make such further and fuller answers, a nonsuit or default may be entered. *St.* 1852, *c.* 312, §§ 70–72. It would expose parties to great peril if, after a general order to make further

answers, and a compliance with such order in good faith, they could be nonsuited or defaulted because some imperfection could still be discovered in some of the answers made.

2. As to the answers of the treasurer and clerk, we are of opinion that the practice act gave to the defendant no such power over the books and papers of the plaintiff corporation as is claimed in his interrogatories and request to the clerk and treasurer. When this officer submitted himself to the direction of the court, the defendant should have applied to the presiding judge for an order to inspect the books and papers of the corporation. *Exceptions sustained.*